UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FERNANDO GABRIEL GOLDIN,
and others similarly-situated,

    Plaintiff,

vs.

BOCE GROUP, L.C., a Florida limited
liability company, d/b/a Nexxt Café,
and SEDAT ONUR, individually,

    Defendants.

_____/

CASE NO.

MAGISTRATE JUDGE

## FLSA COMPLAINT

COMES NOW, Plaintiff, FERNANDO GABRIEL GOLDIN, by and through his undersigned attorney, and hereby sues Defendants, BOCE GROUP, L.C., and SEDAT ONUR, individually (hereinafter collectively referred to as the Employer, and alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for unpaid minimum and overtime wages, under the laws of the United States, and the State of Florida. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) ("the FLSA"), Title 28 U.S.C. § 1337. Jurisdiction over the State law minimum wage claims is conferred by 28 U.S.C. § 1343, F.S.A. Const. Art. 10 § 24, under 28 U.S.C. § 1343.

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. The corporate Defendant, BOCE GROUP, L.C. ("the Employer"), is a Florida corporation, which at all times material hereto, was doing business within the Southern District of

Florida, where Plaintiff was employed and at all times material hereto was and is engaged in interstate commerce.

4. This action is brought by the Plaintiff and those similarly-situated to recover from the Employer unpaid minimum and overtime wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207.

5. The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.   Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's requirements.

6. By reason of the foregoing, Defendant BOCE GROUP, L.C. is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff and those similarly-situated are within interstate commerce.   The Florida minimum wage claim has the same jurisdictional and coverage requirements as that of the FLSA.

2

7. The individual Defendant, SEDAT ONUR, is an employer as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporations and is directly involved in decisions affecting employee compensation and hours worked by employees such as the Plaintiff and opt-in plaintiffs. He also controlled the "purse strings" for the corporation.

COUNT I
MINIMUM WAGE VIOLATIONS

8. Plaintiff realleges and reavers paragraphs 1 through 7 as fully set forth herein.

9. In 1966, the FLSA was "*amended to extend minimum wage protection to employees of restaurants [and] special provisions were made for employees who received tips.*" Sen. Rep. 89-1487, *3013. Prior to 1966, "tipped employees" *were not protected* by the FLSA.[1] Restaurants *were not* obligated to pay a minimum wage to a "tipped employee," who was left at the mercy of the restaurant. "*Under the 1966 amendments [tipped] employees are entitled to receive the prevailing minimum wage for each hour worked by them in a given week.*" *Hodgson v. Bern's Steak House, Inc.*, 1971 WL 843, * 3 (M.D. Fla. 1971); see also *Roussel v. Brinker International, Inc.*, 2008 WL 2714079, * 5 (S.D. Tex. 2008) (the act was amended once again in 1974 to provide *even more* protection for tipped employees).

10. The "*wage*" that restaurants "*shall pay*" to a tipped employee is explained in 29 U.S.C.A. § 203(m): "*the amount paid such employee by the employee's employer* **shall be** *an amount equal to*" the required reduced cash wage. The statute contains a second sentence which states, the employer "*is required to pay…[an] amount [which] shall be not less than the cash wage required.*" *Id*.

---

[1] The Florida minimum wage is interpreted in accordance with the FLSA. F.S.A. § 448.110; F.S.A. Const. Art. 10 § 24.

11. Defendants purported to claim a "tip credit" allowed by the FLSA and Florida law. The FLSA, 29 U.S.C. § 203(m), allows the Employer to pay less than the required minimum wage by taking a *"tip credit,"* in order to satisfy its minimum wage obligation. However, in order to utilize the *"tip credit,"* the Employer must strictly comply with the conditions imposed by the FLSA and Florida law.

12. A condition precedent to *"tip credit"* availability is that employees be paid the required cash wage (i.e., $3.38 in 2006, $3.65 in 2007, $3.77 in 2008, $4.19 in 2009 and $4.23 in 2010), *for every hour worked*. Defendants failed to pay Plaintiff the required amount for every hour worked. Because the FLSA requires, as a condition precedent, that the specified reduced cash wage be paid for every hour worked and because that condition was not met, the *"tip credit"* allowed by the FLSA is unavailing. The Employer is therefore obligated to pay Plaintiff the full minimum wage for each hour worked allowing credit for the hours paid for.

13. Tips are, as a matter of law, the property of the employee to whom they are given. One of the conditions precedent for the *"tip credit"* availability is that the employees be allowed to retain all tips received by them. In this case, Plaintiff intends to conduct discovery to determine whether the Employer took control of Plaintiff's tips by causing Plaintiff to share with employees who are not entitled to share tips. When the Employer took control of the tips belonging to Plaintiff, it lost the ability to claim a *"tip credit."*

14. Lastly, the Employer failed to *"inform"* Plaintiff of their intention to claim a *"tip credit,"* as required by the FLSA, 29 U.S.C. § 203(m). Plaintiff also intends to conduct discovery to determine whether the employer complied with this condition precedent.

15. The corporate Defendant is a restaurant located in Miami Beach, Florida. Plaintiff was employed with Defendants as a server from approximately September 6, 2006 through mid-June 2010. He worked approximately 51 hours and then was reduced the last three months to 27 hours a week. Since the tip-credit is unavailing, the employer failed to pay Plaintiff minimum wages for all hours worked. The similarly-situated current and former employees are all those other employees who worked at the restaurant and performed the same or similar duties as that of the Plaintiff. Plaintiff estimates, "as a matter of inference," that he worked an average of 51 hours while employed with Defendants. Plaintiff estimates his damages as follows: [2]

**September 2006 through December 2006, when Florida minimum wage was $6.40**
51 hours × $4.09 ($6.40 - $2.31) = $208.59 x 15 weeks = $3,128.85.

**January 2007 through December 2007, when Florida minimum wage was $6.67**
51 hours × $4.36 ($6.67 - $2.31) = $222.36 x 52 weeks = $11,562.72.

**January 2008 through December 2008, when Florida minimum wage was $6.79**
51 hours × $4.48 ($6.79 - $2.31) = $228.48 x 52 weeks = $11,880.96.

**January 2009 through July 23, 2009, when Florida minimum wage was $7.21**
51 hours × $4.90 ($7.21- $2.31) = $249.90 x 29 weeks = $7,247.10.

**July 24, 2009 through March 2010, when Federal and Florida minimum wage was $7.25**
51 hours × $4.94 ($7.25- $2.31) = $251.94 x 37 weeks = $9,321.78.

**April 2010 through June, 2010, when Federal and Florida minimum wage was $7.25**
27 hours × $4.94 ($7.25- $2.31) = $133.38 x 10 weeks = $1,333.80.

Total minimum wages owed: $44,751.21 x 2 (liquidated damages) = $89,502.42.

16. Defendants knew Plaintiff's work schedule and showed reckless disregard in following the provisions of the FLSA concerning the payment of minimum wages and

---

[2] An employee may estimate hours worked, "as a matter of inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S.Ct. 1187, 1192-93 (1946). Plaintiff reserves the right to amend his estimated hours and calculations once he receives time and payroll records from Defendants.

tipped-credit employees as required by the Fair Labor Standards Act and the Florida Constitution. Defendants did not have a reasonable objective belief that they were not required to pay Plaintiff's minimum wages. Defendants remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

17. Plaintiff complied with all conditions precedent to filing this action.

18. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff and those similarly-situated requests liquidated damages and reasonable attorney's fees from both Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and Florida Constitution as cited above, to be proven at the time of trial for minimum wages owed to Plaintiff and those similarly-situated employees for his entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act and Florida Constitution, whichever is greater, along with court costs. Plaintiff is also entitled to injunctive relief restraining Defendants from committing any future FLSA and Florida Constitution violations. In the event that Plaintiff and those similarly-situated do not recover liquidated damages, then Plaintiff and those similarly-situated seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

COUNT II
UNPAID OVERTIME

19. Plaintiff realleges and reavers paragraphs 1 through 18 as fully set forth herein.

20.     At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201-219(FLSA) and 29 C.F.R. § 516.2 and § 516.4 <u>et seq</u>. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay him at the rate of time and one-half for all hours worked in excess of 40 per workweek as provided in the FLSA.  The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the payroll practices and procedures described in paragraph 15 and were not paid time and one-half of their regular rate of pay for all overtime hours worked.

21.     Plaintiff estimates as a matter of inference that he worked an average of 51 hours per week between the approximate periods for September 2006 through March 2010.   Defendants failed to pay Plaintiff overtime wages required by the FLSA.   The similarly-situated current and former employees are all those other employees who worked at the restaurant and performed the same or similar duties as that of the Plaintiff.  Plaintiff estimates his damages as follows *(See footnote no.2)*:

**September 2006 through December 2006, when Florida minimum wage was $6.40**
11 overtime hours × $3.20 (half-time the minimum wage) = $35.20 x 15 weeks = $528.00.

**January 2007 through December 2007, when Florida minimum wage was $6.67**
11 overtime hours × $3.335 (half-time the minimum wage) = $36.685 x 52 weeks = $1,907.62.

**January 2008 through December 2008, when Florida minimum wage was $6.79**
11 overtime hours × $3.395 (half-time the minimum wage) = $37.345 x 52 weeks = $1,941.94.

**January 2009 through July 23, 2009, when Florida minimum wage was $7.21**
11 overtime hours × $3.605 (half-time the minimum wage) = $39.655 x 29 weeks = $1,149.99.

**July 24, 2009 through March 2010, when Federal and Florida minimum wage was $7.25**
11 overtime hours × $3.625 (half-time the minimum wage) = $39.875 x 37 weeks = $1,475.37.

Total overtime wages owed: $7,002.92 x 2 (liquidated damages) = $14,005.84.

22.  Defendants knew Plaintiff's work schedule and showed reckless disregard in following the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act.  Defendants did not have a reasonable objective belief that they were not required to pay Plaintiff's overtime wages.  Defendants remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

23.  Plaintiff complied with all conditions precedent to filing this action.

24.  Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff and those similarly-situated requests compensatory and liquidated damages and reasonable attorney's fees from both Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's and those similarly-situated employees' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  Plaintiff is also entitled to injunctive relief restraining Defendants from committing any future FLSA violations.   In the event that Plaintiff and those similarly-situated do not recover liquidated damages, then Plaintiff and those similarly-situated seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

>THE LAW OFFICES OF
>EDDY O. MARBAN
>Ocean Bank Building, Suite 350
>782 N.W. LeJeune Road
>Miami, Florida 33126
>Telephone (305) 448-9292
>Facsimile (305) 448-2788
>E-mail: marban@bellsouth.net
>
>By: *s/Edilberto O. Marban*
>     EDDY O. MARBAN, ESQ.
>     Fl. Bar No. 435960

9