UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-20074-CIV-KING

FERNANDO GABRIEL GOLDIN,
and others similarly-situated,

    Plaintiff,

vs.

BOCE GROUP, L.C., a Florida limited
liability company, d/b/a Nexxt Café,
and SEDAT ONUR, individually,

    Defendants.
_____/

**RESPONSE TO DEFENDANTS' MOTION TO DIMSISS [D.E. 7]**

COMES NOW, Plaintiff, FERNANDO GABRIEL GOLDIN, by and through his undersigned attorney, and hereby responds to Defendants' Motion to Dismiss, and states:

**Standard of Review for Motion to Dismiss**

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-47, 78 S.Ct. 99, 101-102 (1957). Upon ruling on a motion to dismiss, the court must accept the facts pleaded as true, and construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1648 (1974); *United States v. Pemco Aerplex Inc.*, 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc). To dismiss a complaint, it must be *"clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."* *Blackstone v. Alabama*, 30 F.3d. 117, 120 (11th Cir. 1994).

Matters outside the four corners of the complaint may not be considered. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). Defendants' Motion to Dismiss goes well beyond the four corners of the Complaint. Defendants state that Plaintiff intends to investigate the claim that Defendants took control of his tips. The argument goes beyond the four corners of the Complaint. Nevertheless, Plaintiff agrees to withdraw the claim that Defendants took control of his tips as alleged in paragraph 13 of the Complaint. [D.E. 1].

## The Every Hour Worked Argument

It is argued that the employer is not required to pay a "tipped employee" the statutorily required reduced hourly rate (plus the $3.02) tip credit *for every hour worked*. It is incorrect that the Southern District has rejected the argument. Two courts have correctly interpreted section 203(m) of the FLSA and authorized jury instructions outlining the very same theory set forth in the Complaint. The Honourable Magistrate Judge Simonton gave full meaning to the statute: *"the employer must pay . . .the reduced wage . . . . for every hour worked."* Exhibit 1. Likewise the Honorable Magistrate Judge Garber gave a jury instruction: *"for each hour worked by the employee."* Exhibit 2. Both cases resulted in substantial verdicts in favor of the tipped employees.

## The FLSA's Tip Credit Provisions

In 1966, the FLSA was *"amended **to extend minimum wage protection to employees of restaurants** [and] Special provisions were made for employees who received tips."* Sen. Rep. 89-1487, *3013. Prior to 1966, "tipped employees" *were not protected* by the FLSA.[1] Restaurants *were not* obligated to pay a minimum wage to a "tipped employee*." "Under the **1966***

---

[1] The Florida minimum wage is interpreted in accordance with the FLSA. F.S.A. § 448.110; FL CONST Art. 10 § 24.

2

*amendments [tipped]* **employees** *employers were required to pay the prevailing minimum wage <u>for each hour worked by them in a given week</u>."* Hodgson v. Bern's Steak House, Inc., 1971 WL 843, * 3 (M.D. Fla. 1971); see also *Roussel v. Brinker International, Inc.*, 2008 WL 2714079, * 5 (S.D. Tex. 2008) (the act was amended once again in 1974 to provide *even more* protection for tipped employees).

The premise of the FLSA's tip credit provisions is that tips given as a gratuity are the property of the recipient to whom they are given. They <u>do not</u> belong to the employer. *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 467 (5th Cir. 1979).[2] (quoting *Williams v. Jacksonville Terminal Co.*, 315 U.S. 386, 397 (1942); Wajcman v. Investment Corp. of Palm Beach, 2008 WL 783741, 2 (S.D. Fla. 2008)**.** Tips are *"by law the property of the waiters who receive them." Richard v. Marriott Corporation*, 549 F.2d 303, 305 (4th Cir. 1976); 29 C.F.R. 532.52 ("A tip becomes the property of the person in recognition of whose service it is presented by the customer."); DOL, Opinion Letter, 2001, WL 1558958 (April 2001) (tips never become the property of the employer).

The same policy is found in the legislative history of the FLSA:

*The committee believes that <u>a tip is not a wage</u>. Moreover, as reflected in Labor Department regulations:*

*A tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed by him . . . Whether a tip is to be given, and its amount, are matters determined solely by the customer, and generally he has the right to determine who shall be the recipient of the gratuity. H.R. REP. 95-521, at \*\* 3231.* (emphasis added).

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Employers are required to pay a minimum wage. 29 U.S.C. ' 206.  In the case of tipped employees, the FLSA allows the employers the *benefit* of the "tip credit" as outlined in 29 U.S.C. 203(m).  The statute still makes it <u>mandatory</u> for employers to pay (*"required," "shall pay"*) a reduced cash and a tip credit in order to meet the minimum wage obligation. 29 U.S.C. ' 203 (m).

The *"wage"* that restaurants *"**shall pay**"* to a tipped employee is explained in 29 U.S.C.A. § 203(m): *"the amount paid such employee by the employee's employer **shall be** an amount equal to"* the required reduced cash wage.  The argument is particularly compelling because the statute contains a **second** sentence outlining the same mandatory requirement.  The employer *"is required to pay…[an] amount [which] **<u>shall be not less</u> than the cash wage required.**" Id*.  The Statute reads in relevant part:

> *In determining the wage an employer <u>is required to pay</u> a tipped employee, the amount paid such employee by the employee's employer <u>shall be</u> an amount equal to--*
> *(1) the cash wage paid such employee which for purposes of such determination <u>shall be not less</u> than the cash wage required to be paid such an employee on August 20, 1996; and*
> *(2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206 (a) of this title. 29 U.S.C.A. § 203(m).*

### Plaintiff's Claim

Plaintiff claims a minimum wage violation from 2006-2010.  In 2010, the Florida minimum wage was $7.25.   The Florida "tip credit" is locked at $3.02, the "tip credit" allowed by the FLSA in 2003:

> *For tipped Employees meeting eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the Minimum Wage tips **up to the amount of the allowable FLSA tip credit in 2003.** Fla. Const. Art. 10 § 24(c).*

In 2003, the Federal minimum wage was $5.15.   In 2003, the reduced cash wage which

4

had to be paid to an employee was $2.13 and the "tip credit" was $3.02.[3]   Thus, in Florida, the "tip credit" remains constant at $3.02.

The FLSA does not preempt State minimum wage laws when State law provides greater benefits to employees:

> *No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter...* 29 U.S.C. § 218(a).

Thus, in 2010, for example, Defendants were obligated to pay minimum wage of $7.25 per hour.  Defendants claim the benefit of the Florida tip credit provisions which allows them to pay a reduced cash wage $4.23 ($7.25 minimum wage - $3.02 tip credit = $4.23) rather than $7.25 per hour.  Plaintiff alleges that he worked an average of 51 hours per week.  On the average, Defendants paid him a reduced cash wage ($4.23) for only 40 hours and Plaintiff worked approximately 11 hours off-the-clock.

| **Defendants are required to pay Plaintiffs:** | $4.23 × 51 hours = **$215.73**[4] |
|---|---|
| **Defendants payment to Plaintiff:** | $4.23 × 40 hours = **$160.20** |

When the $160.20 is divided by 51 hours, it becomes evident that Plaintiff was paid $3.31 per hour and not $4.23, the amount that Defendant *"is required to pay [which]* **shall be not less than the cash wage required[4.23]**.*,"* U.S.C.A. § 203(m).

| **Hourly wage paid to Plaintiff** | $3.31 |
|---|---|
| **Hourly wage required by the FLSA** | $4.23 |

---

[3] For an explanation of how the $2.13 reduced cash figure is determined, see *Davis v. B & S, Inc.*, 38 F.Supp.2d 707, 711 n.4 (N.D. Indiana 1998).
[4] Additionally, Defendants are required to pay the halftime rate for overtime hours.

## Statutory Interpretation

Defendants question the statutory interpretation of 29 U.S.C. 203(m).   They argue that the statute should be interpreted in a way that does not require employers to pay tipped employees the *"required"* reduced wage that the employer *"shall pay,"* for each hour worked off-the-clock. 29 U.S.C.A. § 203(m).

When interpreting 29 U.S.C.A. § 203(m), the Court must look at the statute's plain meaning and if the statutory language is facially unambiguous, the inquiry comes to an end. *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-254 (1992).   There is no ambiguity in the statute because it clearly states the employer *"is required to pay . . . **not less than the cash wage required.**,"* and the *"shall pay"* language appears in two different sentences.

Congress' intention to compensate tipped-employees for every hour worked is supported by 29 U.S.C. ' 207, requiring overtime compensation for off-the-clock work.   In fact, 29 C.F.R. ' 531.60 requires payment to tipped employees for off-the-clock overtime:

> *When overtime is worked by a tipped employee who is subject to the overtime pay provisions of the Act, his regular rate of pay is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by **the total number** of hours actually worked by him in that workweek for which such compensation was paid . . . **In accordance with section 3 (m) a tipped employee's regular rate of pay** includes the amount of tip credit taken by the employer . . . the reasonable cost or fair value of any facilities furnished him by the employer, as authorized under section 3 (m) . . . .*   (emphasis added).

Defendants' interpretation contradicts the clear language of 29 USC ' 203(m) and the Department of Labor's interpretation in 29 C.F.R. ' 531.60.

Assuming, *arguendo*, the statute is unclear, then it must be construed so as to give effect to every word and clause.   In determining the proper interpretation, the Court must view the statute in the context of the Act as a whole.   The statute may not be interpreted in a way that its words and

6

clauses would be mere surplusages. *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1204-5 (11th Cir. 2007).   Defendants ask the Court to ignore the words *"is required to pay"* and *"shall pay not less than the required cash wage,"* and treat them as surplusages.

The issue is further illuminated by the 1989 amendments to 29 U.S.C. 203(m).   The House Report shows that the FLSA intended to *"<u>guarantee</u>"* tipped employees' payment of the required minimum wage:

> The committee expects the 10–percent adjustment in the credit from 40 to 50 percent will provide sufficient relief to employers burdened with increased liability, mitigate pressure to pass on costs to consumers or stimulate greater wage differentials between different categories of workers. **The minimum wage provision of the Fair Labor Standards Act is intended to provide a <u>basic wage guarantee</u> to all covered workers.** The Committee is confident that as long as the employer remains responsible for making up the difference if tips fail to cover the amount of the credit, affected employees are adequately protected under the Act. As a further protection, the Committee bill phases in the adjustment to the credit over a two year period to further insure that **<u>no employee experiences a reduction in the amount of hourly wages</u>** previously paid by their employers as the credit expands from 40 percent to 50 percent of the minimum wage. H.R. REP. 101-260, ** 11, *** 707.

If Defendants' argument is followed to its logical conclusion, the Amendments to the FLSA would be of no consequence.  Moreover, as in this case, employers could require tipped employees to work off-the-clock and not pay them *anything at all* (which is the argument advanced by Defendants), while retaining the benefit of the tip credit.  The purpose of the act remains the same today as it was in 1966, to *"correct and eliminate" "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."* 29 U.S.C. § 202(a).   The FLSA is a remedial statute which must be construed in favor of coverage.  *Antenor v. D & S Farms*, 88 F.3d 925, 933 (11th Cir. 1996).   Defendants suggest an interpretation which violates *every single rule of statutory*

*construction*, as well as precedent from a sister court in *Hodgson, supra.*

### The Cases Cited By Defendants

In *Perez v. Palermo Seafood, Inc.,* the Court was not presented with the arguments raised herein. The argument was rejected because of the *"lack of precedent addressing the issue."* This Court is presented with arguments that were not presented in *Palermo Seafood, Inc.*, such as the Senate Reports, 29 C.F.R. ' 531.60, and *Hodgson, supra*.

Defendants cite *Muldowney v. Mac Acquisition, LLC*, 2010 WL 520912 (S.D.Fla. 2010). In *Muldowney*, the Court agreed with the decision in *Palermo Sea Food*. *Muldowney* held there are only two ways to invalidate the tip credit: 1) when the employer is not provided with notice of the employer's intent to rely on the tip-credit; 2) when the employer treats tips as part of his gross receipts. Respectfully, the *Muldowney* Court did not address the statutory language of 203(m), i.e. the employer *"is required to pay…[an] amount [which]* **shall be not less** *than the cash wage required."* and *"shall pay not less than the required cash wage."* *Muldowney* does not analyze the statute in light of the legislative history and Department of Labor's interpretation contained in 29 C.F.R. ' 531.60.

The Court stated, *"the statute [FLSA] says nothing about unpaid wages due to off-the-clock hours,"* and that plaintiff's remedy was through state law. Respectfully, the statute addresses <u>all hours</u> worked by the employee. To hold otherwise, would require the plaintiff to claim a tip credit for the first forty hours and a Florida breach of contract claim for the remaining off-the-clock hours. That reasoning is direct contradiction with Eleventh Circuit precedent. *"The determination of 'hours worked' is clearly within the scope of the FLSA; thus <u>the Act provides the exclusive remedy</u> for plaintiffs on these claims and preempts these claims."* Avery v. City of

8

*Talladega, Ala,* 24 F.3d 1337, 1348 (11th Cir. 1994) (emphasis added).  "As a matter of law, plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim." *Tombrello v. USX Corp.*, 763 F.Supp. 541, 545 (N.D.Ala.,1991).

Whether a state law claim for breach of contract can coexist with and FLSA claim or is preempted by the FLSA, depends on the nature of the claim.  If the State law claim provides greater benefits, the FLSA it is not preempted.  If the State law claim does not provide greater benefits, then the FLSA is the exclusive remedy. *Thomas v. Interland, Inc.*, 2003 WL 24065651, *5 (N.D.Ga.,2003) (*"The FLSA provides the exclusive remedies for enforcing FLSA rights created rights"*); *Morrow v. Green Tree Servicing, L.L.C.*, 360 F.Supp.2d 1246, 1252 (M.D.Ala.,2005) (citing *Freeman v. City of Mobile, Ala.*, 146 F.3d 1292, 1298 (11th Cir. 1998). See also 29 U.S.C. § 218(a).

In this case, under the FLSA, if the tip credit is invalidated then Defendants are required to pay Plaintiff the full minimum wage ($7.25 per hour) and must disgorge the entire tip credit.  For example, it will be assumed that in one week Plaintiff worked 51 hours, including, 11 off-the-clock hours:

| **Plaintiff's remedy under the FLSA** | $3.02 × 40 = $120.08<br>11 off-the clock hours x $7.25 = $79.75<br>**Total: $199.83** |
|---|---|
| **Plaintiffs' remedy under State Law** | 11 hours × $7.25 = $79.75<br>**Total: $79.75** |

Accordingly, State law does not provide greater benefits than the FLSA.

*Muldowney* also reasoned that Section 203(m) "merely prescribes the method for calculating a tipped employee's wages."  In page 2 of their Motion, Defendants concede *"Nexxt*

9

*Café avails itself of the tip-credit; thus, it pays servers a reduced direct minimum wage in consideration of the tips they earn."* [D.E. 7, p. 2]. Defendants take the inconsistent position that Plaintiff was a *tipped* server for the first forty (40) hours but a *non-tipped* server for the off-the-clock work.  Such argument is barred by the doctrine of judicial estoppel.  It is well established that a party may not assume a certain position in legal proceedings, and then maintain a contrary position.   Judicial Estoppel prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase of the case. Judicial estoppel protects the integrity of the judicial process and prevents parties from playing fast and loose with the courts.  *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001). The FLSA does not allow employers to pick and choose different methods of payment for a tipped employee. The FLSA is the exclusive remedy. *Avery,* 24 F.3d   at 1348.

     WHEREFORE, Plaintiff prays that this Court deny Defendants' Motion to Dismiss, together with any and all other relief request herein.

    THE LAW OFFICES OF
    EDDY O. MARBAN
    Ocean Bank Building, Suite 350
    782 N.W. LeJeune Road
    Miami, Florida 33126
    Telephone (305) 448-9292
    Facsimile (305) 448-2788
    E-mail: marban@bellsouth.net

    By: *s/Edilberto O. Marban*
       EDDY O. MARBAN, ESQ.
       Fl. Bar No. 435960

**CERTIFICATE OF CERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic filing generated by CM/ECF, to Daniel L. Leyton, Esq. of De La O, Marko, Magolnick & Leyton, 3001 S.W. 3rd Avenue, Miami, Florida 33129, on this 3rd day of March, 2011.

>THE LAW OFFICES OF
>EDDY O. MARBAN
>Ocean Bank Building, Suite 350
>782 N.W. LeJeune Road
>Miami, Florida 33126
>Telephone (305) 448-9292
>Facsimile (305) 448-2788
>E-mail: marban@bellsouth.net
>
>By: *s/Edilberto O. Marban*
>      EDDY O. MARBAN, ESQ.
>      Fl. Bar No. 435960