**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:  1:11-cv-20074-JLK

FERNANDO GABRIEL GOLDIN,
and others similarly situated,

      Plaintiffs,

Vs.

BOCE GROUP, L.C., a Florida
limited liability company d/b/a
Nexxt Café, and SEDAT ONUR,

      Defendants.

_____/

## <u>DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS</u>

Defendants, Boce Group, L.C. d/b/a Nexxt Café and Sedat Onur, file this Reply

Brief in support of their Motion to Dismiss Plaintiff, Fernando Gabriel Goldin's, Complaint.

Plaintiff first argues that Defendants have "go[ne] well beyond the four corners of

the Complaint," implying that it is premature to consider the "every hour worked" theory.

The Motion to Dismiss anticipated this argument, noting that (a) Plaintiff's pre-suit notice

letter – as well as other documents that are central to Plaintiff's claim and undisputed –

can be considered at this juncture (even if not attached to the Complaint), and (b) if

necessary, the Motion to Dismiss can be converted to a Partial Motion for Summary

Judgment (which would be appropriate, as this is a purely legal issue that has

enormous impact on the scope of the case).[1]

_____

[1] Plaintiff withdraws ¶ 13.  Defendants moved to dismiss ¶ 14 for the same reasons.  Plaintiff does not
address those arguments, or explain why he should be allowed to proceed on an admittedly speculative
claim.  Compl., ¶ 14 ("Plaintiff also intends to conduct discovery to determine whether the employer
complied with this condition precedent.").  Paragraphs 13 and 14 should both be dismissed.

Plaintiff sets forth general propositions concerning federal wage-and-hour law,[2] which beg the question.  None of these authorities speak to, much less support, Plaintiff's purely theoretical, twice-rejected argument.

In a section entitled "The Every Hour Worked Argument," Plaintiff claims that (a) this Judicial District has not rejected Plaintiff's argument; (b) two Courts in this Judicial District have endorsed Plaintiff's argument by including it as a jury instruction in cases that "resulted in substantial verdicts in favor of the tipped employees," and (c) Defendants are arguing that restaurants do not have to pay tipped employees the reduced hourly wage for every hour worked.  *None* of these claims are accurate.

As to (a), it is indisputably true that both the *Perez* and *Muldowney* Courts were squarely presented with Plaintiff's theory – as articulated by Plaintiff's counsel – and rejected it (these cases are discussed in greater detail below, when Defendants address the section in Plaintiff's Response Brief entitled "The Cases Cited By Defendants.").[3]

As to (b), the two cases in which Plaintiff's theory was supposedly endorsed by including it as a jury instruction have no value as precedent.  Indeed, even *standardized* jury instructions – focused on *un*controversial points – have no value as precedent.

> Jury instructions are only judge-made attempts to recast the words of statutes and the elements of crimes into words and terms comprehensible to the layperson.  The texts of "standard" jury instructions are not debated and hammered out by legislators, but by ad hoc committees of lawyers and judges.  Jury instructions do not come down from any mountain or rise up from any sea.  Their precise wording, although extremely useful, is not blessed with any special precedential or binding authority.  This description does not

---

[2] *E.g.*, that the 1966 Amendments extended FLSA protections to tipped employees of restaurants; that tipped employees must be paid the required minimum wage for each hour they work; and that tips are the employee's property.  Pl.'s Resp. to Mot. Dismiss at 2 – 4, 6.

[3] Precedent from sister District Courts are not binding, but such cases are persuasive.  *Rann v. Chao*, 209 F. Supp. 2d 75, 80 (D.D.C. 2002).  By contrast, there is nothing that can be properly labeled precedent that supports Plaintiff's argument in this Judicial District (or anywhere).

denigrate their value, it simply places them in the niche
where they belong.

*McDowell v. Calderon*, 130 F.3d 833, 840 (9th Cir. 1997).  The California Supreme

Court has made a similar point, which applies with equal force to this case:

> [W]e caution that jury instructions, whether published or not,
> are not themselves the law, and are not authority to establish
> legal propositions or precedent.  They should not be cited as
> authority for legal principles in appellate opinions.  At most,
> when they are accurate, as the quoted portion was here,
> they restate the law.

*People v. Morales*, 25 Cal. 4th 34, 48 n.7 (Cal. 2001).  Notably, Plaintiff's counsel cited

one of these jury instructions in his argument to Hon. O'Sullivan in the *Perez* matter;

Hon. O'Sullivan proceeded to squarely consider, and squarely reject, Plaintiff's theory.

Ex. A.[4]

Finally, as to (c), Plaintiff grossly mischaracterizes Defendants' argument, and

does so again later in his memo.[5]  Defendant interprets the minimum wage and

overtime laws conventionally.  The disagreement herein arises over Plaintiff's

unsupported theory, which can transform a claim for a single hour of unpaid overtime

into a massive minimum wage claim for a tipped employee.  *See* Mot. Dismiss at 3 – 4.

---

[4]

> In *Maria de Jesus Cruz, et al. vs. Consolidated Sandwich Corp.*, Case
> No. 04 – 20615 – CIV – MOORE/GARBER, the undersigned represented
> several restaurant employees who alleged the same minimum wage
> violation because they were not paid for *each and every hour worked*.
> Like in this case, those employees were paid for *some, but not all*, of the
> hours worked.  The Court allowed [Plaintiff's] jury instruction outlining the
> issue. ...  In that case, the jury returned a very favorable verdict for the
> plaintiffs, based upon the same principle of law advocated in this action.
> A Final Judgment liquidating damages was subsequently entered.

*Perez v. Palmero Seafood, Inc.*, Pl.'s Mot. Amend J. at 3 (DE 61) (italics in original; footnote omitted).

[5] Plaintiff claims that Defendants (a) "argue that the statute should be interpreted in a way that does not
require employers to pay tipped employees the 'required' reduced wage . . . for each hour worked off-the-
clock," and (b) interpret the wage-and-hour laws in a way allowing employers to "require tipped
employees to work off-the-clock and not pay them anything at all."  Pl.'s Resp. to Mot. Dismiss at 6, 7.
Plaintiff never explains why he contends Defendants are "advancing these arguments," nor could he.

In a section entitled "Statutory Interpretation,"[6] Plaintiff raises a hodgepodge of arguments that either beg-the-question or draw language out-of-context.  Plaintiff initially claims that 29 U.S.C. § 203(m) unambiguously supports his view, thus ending the issue.  The statutory language that Plaintiff refers to – which requires an employer to pay the minimum wage to an employee – is certainly true, but it has nothing to do with, and says nothing about, Plaintiff's theoretical argument.[7]

Plaintiff then argues that his position is supported by 29 U.S.C. § 207 and, in particular, 29 C.F.R. § 531.60.  Section 207 says nothing about Plaintiff's argument.  Section 531.60 is inapplicable to this situation, and Plaintiff is taking it out-of-context.  Special problems arise when an overtime rate (time-and-a-half) has to be calculated for a tipped employee, *e.g.*, when the employer properly pays a tipped employee a cash wage of $2.13 per hour for straight-time, overtime is not paid at $3.195 an hour ($2.15 times 1.5).  Instead, the proper overtime rate is determined by a regulatory formula that takes a number of factors into consideration in determining what a tipped employee made in his or her regular work hours, which yields a figure that can then be multiplied by 1.5 to generate an overtime rate.  That is the purpose of Section 531.60.  It is an overtime regulation, not a minimum-wage regulation, as is made clear even by its title.

SUBPART C – INTERPRETATIONS.

531.60 – *Overtime payments*.

(a) When overtime is worked by a tipped employee who is subject to the overtime pay provisions of the Act, his regular rate of pay is determined by dividing his total remuneration

---

[6] The two sections of Plaintiff's Response between "The Every Hour Worked Argument" and "Statutory Interpretation" are either merely descriptive or raise arguments addressed elsewhere in this Reply Brief.

[7] Plaintiff's counsel contradicts his position from *Perez* where he conceded that "[t]he statute does not state that such amount must be paid for every hour worked," arguing instead that he was merely "interpret[ing]" the statute.  *Perez v. Palmero Seafood, Inc.*, Pl.'s Reply Support of Mot. Amend J. at 1 – 2 (DE 65; attached as Ex. B).

for employment (except statutory exclusions) in any
workweek by the total number of hours actually worked by
him in that workweek for which such compensation was paid
(See part 778 of this chapter for a detailed discussion of
overtime compensation under the Act).  In accordance with
section 3(m), a tipped employee's regular rate of pay
includes the amount of tip credit taken by the employer (not
in excess of 50 percent of the applicable minimum wage),
the reasonable cost or fair value of any facilities furnished
him by the employer, as authorized under section 3(m) and
this part 531, and the cash wages including commissions
and certain bonuses paid by the employer.  Any tips
received by the employee in excess of the tip credit need not
be included in the regular rate.  Such tips are not payments
made by the employer to the employee as remuneration for
employment within the meaning of the Act.

29 C.F.R. § 531.60.  Thus, Section 531.60 formula is a "special provision[ ]," intended

for the limited purpose of "calculating the overtime wage applicable to tipped

employees."  *Smith v. Noso, Inc.*, 2007 WL 2254531 at *4 (M.D. Fla., Aug. 3, 2007).[8]

Section 531.60 does not create a fluid formula for constantly recalculating a

tipped employee's regular pay rate for straight-time hours paid on a fixed hourly basis.

No authority supports Plaintiff's interpretation of Section 531.60.  An example of how the

formula is applied makes Section 531.60's purpose clear:

Because the Defendants paid the Plaintiff a cash wage of at
least $2.13 per hour and claimed the Plaintiff's tips as wages
to make up the difference between $2.13 per hour and the
minimum wage, the Plaintiff's regular rate of pay was equal
to the minimum wage. From the time Plaintiff started to July
23, 2007, the minimum wage was $5.15 per hour.  The
Plaintiff's overtime rate was, therefore, $7.73 (5.15 X 1.5 =
7.725).  But, because tips that an employer can claim as
wages also count as compensation for purposes of overtime
pay, the Defendants can subtract $3.02 per hour, leaving the

---

[8] Broadly speaking, determining the "regular rate of pay" to be used for calculating overtime can be a very difficult exercise, given the wide variety of ways employees can be compensated, *e.g.*, when pay is based on something other than a fixed rate.  *See Powell v. Carey Int'l, Inc.*, 514 F. Supp. 2d 1302 (S.D. Fla. 2007) (limousine drivers were paid on a "per job" basis (a base percentage plus the fixed gratuity with expenses for tolls, parking fees and fuel surcharges netted out), so determining their "regular rate of pay" for purposes of calculating overtime includes time spent driving between jobs and waiting for no-shows, but not commutes between work and home and time spent changing clothes).

> Plaintiff's overtime rate at essentially $4.71 per hour (7.73 – 3.02 = 4.71).  *See* 29 C.F.R. § 531.60.  From July 24, 2007, to the time the Plaintiff finished, the minimum wage was $5.85 per hour.  The Plaintiff's overtime rate was, therefore, $8.78 (5.15 X 1.5 = 8.775).  But, again, the Defendants can subtract $3.72 per hour, leaving the Plaintiff's overtime rate at essentially $5.06 per hour (8.78 – 3.72 = 5.06).

*Holder v. MJDE Venture, LLC*, 2009 WL 4641757 at *2 (N.D. Ga., Dec. 1, 2009)

(footnote omitted).

Plaintiff then claims that, if the statute is ambiguous, it must be construed in a way that gives meaning to its words, and that Defendants "ask the Court to ignore the words 'is required to pay' and 'shall pay not less than the required cash wage.'"  Pl.'s Resp. to Mot. Dismiss at 7.  He then again claims that Defendants' view, "followed to its logical conclusion," would erase the FLSA's Amendments and allow employers to "require tipped employees to work off-the-clock and not pay them anything at all (which is the argument advanced by Defendants)."  *Id*.  This is untrue and preposterous.

Defendants recognize the obligation to pay a minimum wage and overtime, and to pay for every hour an employee works.  It is impossible not to recognize it.  But this also has nothing to do with the issue herein, which is solely about whether Plaintiff's theory of how the overtime rules interact with, and impact, the minimum wage law is a proper interpretation of the uncontroversial statutory language.  Tellingly, as Plaintiff casts stones on Defendants' argument, he cannot point to a single Court opinion supporting his view.  By contrast, Defendants cite to two opinions in this Judicial District rejecting Plaintiff's view.

Finally, in a section entitled "The Cases Cited By Defendants," Plaintiff attempts to minimize the significance of, or directly challenge, Hon. O'Sullivan and Hon. Huck's Orders in *Perez* and *Muldowney*, respectively.  As to *Perez*, Plaintiff claims:

> In *Perez v. Palmero Seafood, Inc.*, the Court was not
> presented with the arguments raised herein.  The argument
> was rejected because of the "lack of precedent addressing
> the issue."  This Court is presented with arguments that were
> not presented in *Palmero Seafood, Inc.*, such as the Senate
> Reports, 29 C.F.R. § 531.60, and *Hodgson*, *supra*.

Pl.'s Resp. to Mot. Dismiss at 8.  This is exactly the same tact Plaintiff's counsel used in

*Muldowny* before Judge Huck:

> In *Perez v. Palmero Seafood, Inc.*, the Honorable Magistrate
> Judge O'Sullivan was not presented with the arguments
> raised herein.  He was not briefed on the legislative history,
> nor was *Hodgson* cited.  The argument was rejected because
> of the "lack of precedent addressing the issue."  This Court is
> asked to consider the Senate Report and *Hodgson*.

*Muldowney v. MAC Acquisition, LLC*, Pl.'s Resp. to Supp. Br. (DE 125; attached as Ex.

C).  Hon. Huck certainly considered these arguments, but was not persuaded by them.

Again, nothing Plaintiff mentions in the excerpted paragraphs above supports his

theory.  The Senate Reports and legislative history offer only uncontroversial

statements of law, which do not speak to, much less support, Plaintiff's view.  Section

531.60 does not apply to this situation.  And *Hodgson v. Bern's Steak House, Inc.*, 1971

WL 843 (M.D. Fla. 1971), is only cited by Plaintiff for the proposition that, under the

FLSA, an employee must be paid "the prevailing minimum wage for each hour worked

by them in a given week," which is true, but has nothing to do with the issue herein.

The ruling in *Perez* was correct.  Section 203(m) does not address off the clock

work.  Plaintiff has not cited any case suggesting that alleged off the clock work triggers

a violation of Section 203(m).  The cases disallowing the tip credit have done so

because the employer failed to comply with one or both of the recognized requirements

to taking a tip credit (the employee notice and tip retention requirements).

Next, Plaintiff attempts to undermine the *Muldowney* ruling.  He says the Court "did not address," implying it ignored, the language of 29 U.S.C. § 203(m), its legislative history, and 29 C.F.R. § 531.60.  In light of the fact Plaintiff's counsel presented all of these arguments to Hon. Huck (aside from Section 531.60, which as argued above, is inapplicable), Plaintiff's arguments were not ignored – they were rejected.

Plaintiff then claims that, contrary to the *Muldowney* ruling, Plaintiff's theory constitutes a third requirement under Section 203(m) for an employer to avail itself of the tip credit.  Any such notion has been repeatedly rejected.  *Muldowney*, 2010 WL 520912 at *1 ("Section 203(m) merely prescribes the method for calculating a tipped employee's wages and sets forth two explicit requirements that must be met for an employer to claim the tip credit . . . .  The statute says nothing about unpaid wages due to off the clock hours").  And *Muldowney* is hardly an outlier; Federal Courts nationwide repeatedly refer to the *two* requirements that an employer must meet in order to avail itself of the tip credit.[9]  No court has issued an order endorsing Plaintiff's radical theory.

Plaintiff claims that the *Muldowney* holding forces an off the clock claimant to sue under state contract law, contrary to federal law making the FLSA the exclusive remedy for wage-and-hour claims.  Plaintiff misreads Judge Huck's order:

> Further, by rejecting Plaintiff's interpretation, she is not left without a remedy; she can seek unpaid wages for her alleged off-the-clock hours under state law *or other sections of the FLSA*.

---

[9] *See*, *e.g.*, *Gillis v. Twenty Three East Adams Street Corp.*, 2006 WL 573905 at * 1 (N.D. Ill., March 6, 2006) ("§203(m) of the FLSA permits employers to pay less than minimum wage to employees who receive tips if an employer satisfies two conditions [the notice and tip retention requirements]"); *Zhao v. Benihana, Inc.*, 2001 WL 845000 at * 1 (S.D.N.Y., May 7, 2001); *Morgan v. SpeakEasy, LLC*, 2007 WL 2757170 at * 10 (N.D. Ill., September 20, 2007) ("To qualify for this tip credit, an employer must demonstrate that (1) the employee was notified of the tip payment plan, and (2) all tips received by such employee have been retained by the employee"); *Chung v. New Silver Palace Restaurant, Inc.*, 246 F. Supp. 2d 220, 229 (S.D.N.Y. 2002) ("The *two* prerequisites that the employer must fulfill to be eligible for the tip credit are strictly construed . . . ") (emphasis supplied)

*Muldowney* at *1 (emphasis added).  And immediately thereafter in his Response Brief, Plaintiff cites federal cases holding that state law remedies are, in various contexts (*e.g.*, when the state law is more generous than the federal law counterpart), not preempted by the FLSA, which means Hon. Huck's analysis was correct.  But again, even if all state law remedies potentially available in *Muldowney* and here are less generous than the FLSA, Hon. Huck's analysis would still be correct, as he properly notes that an off-the-clock claimant can sue under other sections of the FLSA.[10]

Finally, Plaintiff recites a line from *Muldowney* – that Section 203(m) "merely prescribes the method for calculating a tipped employee's wages" – and somehow then claims that Defendants inconsistently argue that Plaintiff was a tipped employee for the first 40 hours of the workweek but not a tipped employee for his off the clock work. Plaintiff argues that Defendants are judicially estopped from maintaining these claims.

Plaintiff is wrong.  Defendant never said that Plaintiff is a tipped employee for the first 40 hours, but not a tipped employee for overtime work, and the statements Plaintiff extracts (from *Muldowney* and the Motion to Dismiss herein) to try and make such a leap in logic do not support his claim.  While the Court does not need to reach this level in order to reject Plaintiff's argument on this point, it must also be noted that judicial estoppel – which "ordinarily is applied only to sworn positions . . . but generally not to legal conclusions" – only applies where the party asserting the estoppel has detrimentally relied upon a prior inconsistent and successful position by the other party.

---

[10] In this section of his Response Brief, Plaintiff presents a text-box again demonstrating how his theory impacts and unbalances the carefully-calibrated framework of wage-and-hour law (an $80.00 claim becomes a $200.00 claim, with that impact extrapolated across years of a tipped employee's tenure).  But Plaintiff's argument is wrong in this context for another reason.  As Plaintiff himself notes, "[t]he Florida minimum wage is interpreted in accordance with the FLSA.  F.S.A. § 448.110; FL CONST Art. 10 § 24." Pl.'s Resp. to Mot. Dismiss at 2, n.1.  Thus, if Plaintiff's theory is true under federal law, it presumably is true under Florida law (so the figures in the right-hand column of Plaintiff's text-box would be identical).

*Bates v. Cook, Inc.*, 615 F. Supp. 662, 672 – 73 (M.D. Fla. 1984).  None of these conditions exist here, and the allegedly estopped matter is a legal conclusion.

Overwhelmingly, Plaintiff cites to broad, uncontroversial statements about federal wage and hour law, none of which speak to, much less support, Plaintiff's misleadingly-named "every hour worked" theory.  The balance of Plaintiff's citations are either inapplicable language that is taken out of context, or items that have no value as precedent, which should not be read to endorse Plaintiff's position.  There are no opinions and no authority supporting Plaintiff's position, but two recent opinions from this Judicial District have squarely considered, and squarely rejected, Plaintiff's position.  No authority supports the notion that a $10.00 claim for a single hour of unpaid overtime can ever form the basis for a $12,000.00 or even $89,500.00 minimum wage claim.  (*See* Mot. Dismiss at 3 – 4; significantly, Plaintiff does not dispute that the hypothetical examples set forth therein accurately reflect Plaintiff's view of the law and its implications).  Plaintiff's theory should again be rejected herein, by granting the Motion to Dismiss.

Respectfully submitted,

**DE LA O, MARKO,
MAGOLNICK & LEYTON**
Attorneys for Defendants
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000
Facsimile:   (305) 285-5555

By: /s/ Daniel L. Leyton
      **Miguel M. de la O**
      Florida Bar No. 0822700
      delao@dmmllaw.com
      **Daniel L. Leyton**
      Florida Bar No. 0061824
      leyton@dmmllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document was served this day on all counsel of record and pro se parties identified on the Service List below either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized matter for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Edilberto Marban, Esq.
Marban@bellsouth.net.

/s/ Daniel L. Leyton
Daniel L. Leyton

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-21408-CIV-O'SULLIVAN
[CONSENT

ODALYS PEREZ, and others similarly-
situated,

      Plaintiffs,

vs.

PALERMO SEAFOOD, INC., a Florida
corporation, d/b/a Fico Key West
Seafood, and JUAN ZIEGGENHIRT,
individually,

      Defendants.

_____

## PLAINTIFF'S MOTION TO AMEND JUDGMENT AND REQUEST FOR ORAL ARGUMENT

Plaintiff, ODALYS PEREZ, by and through her undersigned attorney, hereby moves to amend this Court's Final Judgment [D.E. 58], pursuant to Fed.R.Civ.P. 59, and states:

### Preamble

The Court found Defendants committed overtime violations, but did not find that a minimum wage violation took place. Plaintiff sought to establish that a minimum wage violation occurred because Defendants failed to pay her the reduced cash wage of $3.38 in 2006, and $3.65 in 2007, *for each and every hour worked.*

The Court specifically found what Plaintiff sought to establish, that she was not paid *for each and every hour worked*. Paragraph 30 (page 13) of the Findings of Fact and Conclusions of Law, states: *"plaintiff was not compensated [**at all**] for 1.5 hours (one hour prior to her shift and thirty minutes after her shift) on Monday and Tuesday and 45 minutes each day from Thursday through*

*Sunday"* (emphasis added). [D.E. 57 ¶30]. Thus, as it will be explained, the Court found precisely what was necessary to establish a minimum wage violation, because Plaintiff was not paid the required cash wage for *each and every hour worked*. Section § 203(m), states that in order to claim a tip credit, the employer *"shall"* pay the required reduced cash wage.

## Plaintiff Was Not Paid The Required Reduced Cash Wage

Plaintiff worked an average of 67 hours per week, yet, she was only paid for 61 of those hours. Thus, in order for Defendants to utilize the tip credit, Plaintiff had to be paid $3.38 for every hour worked (i.e., $67 \times \$3.38 = \$226.46$). Instead, she was only paid $\$3.38 \times 61 = \$206.18$. When $206.18 is divided by 67, it becomes clear that Plaintiff was only paid $3.07 per hour, not the required statutory amount of $3.38 in 2006, and $3.65 in 2007.

One of the conditions for tip credit availability is that the employee be paid the required cash wage for each and every hour worked. The tip credit provision is perhaps the most confusing provision of the FLSA. It is respectfully submitted that the Court misapprehended the requirements of 29 U.S.C. § 203(m), and that the Final Judgment contains a *"clear"* or *"manifest"* error.

The Court's confusion may come from the lack of precedent addressing this issue. However, this issue has been specifically ruled upon in the Southern District, without a published opinion. In *Maria de Jesus Cruz, et al. vs. Consolidated Sandwich Corp., Case No. 04-20615-CIV-MOORE/GARBER*, the undersigned represented several restaurant employees who alleged the same minimum wage violation because they were not paid for ***each and every hour worked***. Like in this

2

case, those employees were paid for *some, but not all*, of the hours worked.  The Court allowed a jury instruction outlining the issue:[1]

> *Another requirement or condition is that the employer pay at least $2.13 per hour* **for each hour worked** *by the employee. If you find that the employer failed to pay any Plaintiff at least $2.13* **for each hour worked***, then the employer must pay that Plaintiff the full $5.15 per hour for all hours worked.* Exhibit A.

In that case, the jury returned a very favorable verdict for the plaintiffs, based upon the same principle of law advocated in this action.  A Final Judgment liquidating damages was subsequently entered.

The same issue has been outlined by the undersigned on a pending summary judgment motion before the Honorable Judge Lenard, in *Fulvio Gomez, et al. vs. Anna Lombardi, LLC, et al., Case No. 07-20058-CIV-LENARD/Torres* (see [D.E. 95]).  Similarly, that was one of the issues in *Gonzalo Bermudez, et al. vs. Biscayne Bay Restaurant Corporation, d/b/a The Rusty Pelican, Case No. 07-22059-CIV-HUCK/SIMONTON*, a case which was recently settled.  The undersigned is also involved in a number of other cases which raise the same issue.  It is customary for restaurants to shortchange employees on payment for the hours worked.

The issue before this Court is significant and common.  It is a matter of public importance. The Court should write an opinion clarifying that a minimum wage violation occurs when a tipped employee is shortchanged on the hours worked.  If the Court's ruling stands, restaurants will have a free license to shortchange employees on their hours, while at the same time they will enjoy the benefits conferred by the same statutory provision which they violate.  Such a ruling will be repugnant to the remedial purpose of the FLSA.

---

[1] The undersigned recalls how the court in that case pointed out that the jury instruction was right on target.

# MEMORANDUM OF LAW

## Standard for Granting Rule 59 Motion

The decision to grant or deny a Rule 59 Motion is a discretionary matter.  The rule itself does not delineate the grounds upon which a motion should be based.  However, the courts have outlined three major grounds justifying reconsideration:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) *"the need to correct clear error or prevent manifest injustice"*; and (4) *"manifest errors of law or fact upon which the judgment was based."* Williams v. Cruise Ships Catering and Service International, N.V., 320 F.Supp.2d 1347, 1338 (S.D.Fla.,2004); Jacobs v. Electronic Data Systems Corp., 240 F.R.D. 595, 599 (M.D.Ala.,2007).

Plaintiff respectfully submits that the FLSA's express statutory language, *"shall" "pay"* *"The cash wage required to be paid such an employee"* for hours worked, cannot be disregarded. 29 U.S.C. § 203(m).  A contrary holding would make the express language in the statute superfluous. Respectfully, there are clear or manifest error in the way the tip credit statute was interpreted.

## The Strict and Express Conditions Precedent to Tip Credit Availability

The FLSA ***expressly*** states that in order to claim a tip credit, the employer must comply with the following condition:  *"In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer **shall** be an amount equal to . . . The cash wage required to be paid such an employee . . ."* (i.e., $3.38 in 2006, and $3.65 in 2007). 29 U.S.C. § 203(m).

The statute does not specifically state that the employer must pay the reduced cash wage for each and every hour worked, that goes without saying.  In Richard v. Marriott Corp., 549 F.2d 303 (5th Cir. 1977), a case where the employer claimed a tip credit under § 203(m), the court stated: *"if*

4

the employer does not follow the command of the statute, he gets no credit. *It is nonsense to argue…that compliance with the statute results in one-half credit, but that defiance of the statute results in 100 percent credit.*" Id. at 305.  In this case, Plaintiff's argument is particularly compelling because an express condition of § 203(m), is that the employer **"shall" "pay"** the reduced cash wage for the hours worked.

The statute is clear to the extent that it states that the employer *"shall" "pay"* a reduced cash wage. *"In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished."* Estate of Cowart v. Nicklos Drilling Co., 505 U.S. 469, 475 (1002).

When interpreting the statute, the Court must consider its remedial nature.  *"In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole."* Kmart Corp. v. Cartier, Inc., 486 U.S. 28, 291 (1988).

The Court correctly points out in its Findings of Fact and Conclusions of Law that the  FLSA is a remedial statute designed to eliminate '*labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers…*' [D.E. 57 p.5 ¶3].  In fact, the same authority cited by the Court states that because the FLSA is a remedial statute, it must be *broadly construed* in favor of coverage. Antenor v. D & S Farms, 88 F.3d 925, 933 (11th Cir. 1996).  A contrary interpretation of § 203(m) will be repugnant to the FLSA.

Defendants **bear the burden** of showing the applicability of the *"tip credit."* Barcelona v. Tiffany English Pub, Inc., 597 F.2d 464, 467 (5th Cir. 1979).  In order to utilize the tip credit, the

5

employer must **strictly comply** with the requirements of 29 U.S.C. § 203(m). <u>Martin v. Tango's</u>
<u>Restaurant, Inc.</u>, 969 F.2d 1319, 1322 (1ˢᵗ Cir. 1992) (*Congress chose to allow employers a partial*
*tip credit, **but only if certain conditions are met***).

Defendants cannot and did not meet their burden of proof. They did not strictly comply with
the tip credit provisions of the FLSA (*"shall" "pay"*). They failed to pay the required cash wage
for the hours worked. Defendants should not be given a free pass to break the law, then take
advantage of the tip credit.

### Conclusion

The Court should write an opinion. The FLSA requires that tipped employees be paid a
reduced cash wage for each and every hour worked. Employers must strictly comply with the
statutory requirement. If the Court's ruling stands, it will set a precedent for employers to
shortchange tipped employees on the hours worked. That is a violation of the *"shall" "pay"*
mandate of the FLSA. A contrary holding will create havoc within the Southern District. Moreover,
such a ruling will be repugnant to the FLSA's remedial scheme.

### Recalculation of Damages

If the Court determines that a tip credit violation occurred, the minimum wage damages
should be recalculated. If a minimum wage violation is found, Plaintiff will receive the full
minimum wage for all hours worked. I.e., in 2006, 61 hours × $3.02 (amount of tip credit) =
$184.22 × 40 weeks = $7,368.80. 6 hours × $6.40 = $38.40 × 40 weeks = $1,536.00. In 2007, 61
hours × $3.02 = $184.22 × 6 weeks = $1,105.32. 6 hours × $6.67 = $40.02 × 6 weeks = $240.12.
Total: $10,250.24 × 2 (liquidated) = $20,500.48.

6

The overtime damages should also be reduced.  If a minimum wage violation is found, Plaintiff will be paid for all the hours worked.  Accordingly, her overtime hours should be calculated at half-time, rather than time and a half.  I.e., in 2006, 27 hours × $3.20 = $86.40 × 40 weeks = $3,456.00.  In 2007, 27 overtime hours × $3.335 = $90.045 × 6 weeks = $540.27.  Total:  $3,996.27 × 2 (liquidated) = $7,992.54.

## REQUEST FOR ORAL ARGUMENT

Plaintiff respectfully requests this Court to hold an oral argument on this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF, to Jose M. Herrera, Esq., 1401 Ponce De Leon Boulevard, Suite 200, Coral Gables, Florida 33134, *jmh@herreralawfirm.com*, on this 6th day of March, 2008.

THE LAW OFFICES OF
EDDY O. MARBAN
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126
Telephone (305) 448-9292
Facsimile (305) 448-2788
E-mail: marban@bellsouth.net

By:   *s/Edilberto O. Marban*
      EDDY O. MARBAN, ESQ.
      Fl. Bar No. 435960

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-21408-CIV-O'SULLIVAN
[CONSENT]

ODALYS PEREZ, and others similarly-
situated,

        Plaintiffs,

vs.

PALERMO SEAFOOD, INC., a Florida
corporation, d/b/a Fico Key West
Seafood, and JUAN ZIEGGENHIRT,
individually,

        Defendants.

_____

### REPLY TO DEFENDANTS' RESPONSE TO MOTION TO AMEND JUDGMENT AND REQUEST FOR ORAL ARGUMENT

Plaintiff, ODALYS PEREZ, by and through her undersigned attorney, hereby replies to Defendants' Response to Motion to Amend Judgment, and states:

It is argued that payment of a reduced cash wage *for every hour worked* is not a necessary condition to *"tip credit"* availability. The reasoning for the argument is that such condition is not outlined in the statute. However, the statute specifically states: *"The amount paid such employee by the employee's employer **shall be an amount equal to…[$3.38 and 3.65]**."* 29 U.S.C. § 203(m). see <u>Davis v. B & S, Inc.</u>, 38 F.Supp.2d 707, 711 n.4 (N.D. Indiana 1998).

The statute does not state that such amount must be paid for every hour worked. However, if Defendants argument is adopted, the words *"shall pay"* would have to be ignored by the Court. *'The cardinal principle of statutory construction […] to save and not to destroy' "every clause and word of a statute"* should be given effect. <u>United States v. Menasche</u>, 348 U.S. 528, 538-539 (1955).



The Supreme Court has explained: "As in all cases of statutory construction, our task is *to interpret the words* of these statutes *in light of the purposes* Congress sought to serve." <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 608 (1979). "*[N]othing is better settled than that statutes should receive a sensible construction, such as will effectuate the legislative intention, and, if possible, so as to avoid an unjust or absurd conclusion.*" <u>In Re Chapman</u>, 161 U.S. 661, 667 (1897).

Given that the FLSA is remedial statute construed in favor of coverage, Defendant's argument is unfounded and repugnant. <u>Antenor v. D & S Farms</u>, 88 F.3d 925, 933 (11th Cir. 1996). If it is adopted, then employers will not be required to pay a reduced cash wage at all.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF, to Jose M. Herrera, Esq., 1401 Ponce De Leon Boulevard, Suite 200, Coral Gables, Florida 33134, *jmh@herreralawfirm.com*, on this 2nd day of March, 2008.

THE LAW OFFICES OF
EDDY O. MARBAN
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126
Telephone (305) 448-9292
Facsimile (305) 448-2788
E-mail: <u>marban@bellsouth.net</u>

By:   *s/Edilberto O. Marban*
        EDDY O. MARBAN, ESQ.
        Fl. Bar No. 435960

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JULIA MULDOWNEY,                     CASE NO. 09-22489-CIV-HUCK

      Plaintiff,                 MAGISTRATE JUDGE O'SULLIVAN

vs.

MAC ACQUISITION, LLC, a Florida
limited liability company, and
B R I N K E R   I N T E R N A T I O N A L
PAYROLL COMPANY L.P., a foreign
entity, both companies d/b/a/ Romano's
Macaroni Grill,

      Defendants.
_____/

**<u>PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF</u>**

In 1966, the FLSA was *"amended **to extend minimum wage protection to employees of restaurants** [and] Special provisions were made for employees who received tips."* Sen. Rep. 89-1487, *3013. Prior to 1966, "tipped employees" *were not protected* by the FLSA.[1] Restaurants *were not* obligated to pay a minimum wage to a "tipped employee, " who was left at the mercy of the restaurant. *"Under the **1966 amendments** [tipped] **employees** are entitled to receive the prevailing minimum wage **for each hour worked by them in a given week**."* Hodgson v. Bern's Steak House, Inc., 1971 WL 843, * 3 (M.D. Fla. 1971); see also *Roussel v. Brinker International, Inc.*, 2008 WL 2714079, * 5 (S.D. Tex. 2008) (the act was amended once again in 1974 to provide *even more* protection for tipped employees).

The *"wage"* that restaurants *"shall pay"* to a tipped employee is explained in 29 U.S.C.A. § 203(m): *"the amount paid such employee by the employee's employer **shall be** an amount equal to"* the required reduced cash wage. The argument is particularly compelling because the statute contains a **second** sentence outlining the same mandatory requirement. The employer *"is required to pay…[an] amount [which] **shall be not less than the cash wage required.**" Id.*

When interpreting the statute, the Court must look at the statute's plain meaning and, if the statutory language is facially unambiguous, the inquiry comes to an end. *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-254 (1992). The language is clear in **two** sentences, the employer *"shall pay"* the specified reduced cash wage. If the statute is not clear, then it must be construed, if possible, so as to give effect to every word and clause. In determining the proper interpretation, the Court must view the provision in the context of the statute as a whole. The statute may not be interpreted in a way that its words and clauses would be mere surplusage. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1204-5 (11th Cir. 2007); *Saucedo v. Phoenix Auto Sales, Inc.*, 08-21156-CIV-ALTONAGA (S.D. January 9, 2009). Defendants ask the Court to ignore the words *"shall pay."* If Defendants' argument is followed to its logical conclusion, the 1966 Amendment would be of no

---

[1]The Florida minimum wage is interpreted in accordance with the FLSA. F.S.A. § 448.110; FL CONST Art. 10 § 24.

consequence. Moreover, like in this case, employers could require tipped employees to work off-the-clock and not pay them *anything at all* (which is an argument advanced by Defendants). The purpose of the act remains the same today, as it was in 1966, to *"correct and eliminate" "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."* 29 U.S.C. § 202(a). The FLSA is a remedial statute which must be construed in favor of coverage. *Antenor v. D & S Farms*, 88 F.3d 925, 933 (11th Cir. 1996). Defendants suggest an interpretation which violates *every single rule of statutory construction*, as well as precedent from a sister Court in *Hodgson*.

In *Perez v. Palermo Seafood, Inc.,* the Honorable Magistrate Judge O'Sullivan was not presented with the arguments raised herein. He was not briefed on the legislative history, nor was *Hodgson* cited. The argument was rejected because of the *"lack of precedent addressing the issue."* This Court is asked to consider the Senate Report and *Hodgson*. Recently, Judge Simonton gave full meaning to the statute, in a jury instruction: *"the employer must pay . . .the reduced wage . . . for every hour worked."* Exhibit A. So did Judge Garber: payment of the reduced wage *"for each hour worked by the employee."* Exhibit B.

The intent of Congress is expressly outlined, *"correct and as rapidly as practicable to eliminate"* labor conditions which are *"detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers,"* as those conditions affect commerce. 29 U.S.C. § 202. The failure to pay a wage is an *express* condition, which affects the free flow of commerce and is detrimental for the reasons outlined in the statute. The off-the-clock claim cannot be addressed through State law, which is preempted by the FLSA, unless it is more generous. *Freeman v. City of Mobile, Ala.*, 146 F.3d 1292, 1298 (11th Cir. 1998); 29 U.S.C.A. § 218. The overtime claim would make Plaintiff whole for the hours in excess of 40. In such case, Plaintiff would be without a remedy for hours worked under 40 per week. The overtime claim is substantially smaller than the minimum wage claim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF, to James J. Thornton, Esq. of Hunton & Williams, LLP, Mellon Financial Center, 1111 Brickell Avenue, Suite 2500, Miami, Florida 33131; and to M. Brett Burns, Esq. of Hunton & Williams LLP, 575 Market Street, Suite 3700, San Francisco, California 94105, on this 28th day of January, 2010.

THE LAW OFFICES OF
EDDY O. MARBAN
Ocean Bank Building, Suite 350
782 N.W. LeJeune Road
Miami, Florida 33126
Telephone (305) 448-9292
Facsimile (305) 448-2788
E-mail: marban@bellsouth.net

By: _s/Edilberto O. Marban_____
EDDY O. MARBAN, ESQ.
Fl. Bar No. 435960