UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 11-20074-CIV-KING

FERNANDO GABRIEL GOLDIN,
and others similarly situated,

    Plaintiffs,

v.

BOCE GROUP, L.C., a Florida
limited liability company d/b/a
Nexxt Café, and SEDAT ONUR,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant Boce Group, L.C.'s Motion to Dismiss (DE #7), filed February 14, 2011. Plaintiff filed a Response (DE #8) March 3, 2011, and Defendant replied on March 10, 2011. (DE #9).

### I.    Background

Defendants operate a restaurant called Neext Café. (DE #1). Plaintiff Goldin worked at Nexxt Café as a waiter from September 2006 to June 2010. (DE #1). Plaintiff is now seeking recovery for minimum wage violations and unpaid overtime wages during his employment at Nexxt Cafe, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA"), and the Florida Constitution. (DE #1).

The Motion to Dismiss and the responses revolve around the application of what is

commonly referred to as the "tip credit." In general, FLSA requires employers to pay all employees a specified minimum wage. However, FLSA allows different treatment for employees who receive tips directly from customers. Rather than pay the full minimum wage normally required, employers are only required to pay tipped employees a reduced minimum wage. 29 U.S.C. § 203(m).[1] The difference between the standard minimum wage and the reduced minimum wage paid to tipped employees is known as the "tip credit." *See Perez v. Palermo Seafood, Inc.*, Case No. 07-21408 2008 WL 7505704 at *1 n.2 (S.D. Fla. May 8, 2008).

---

[1]Section 203(m) provides, in relevant part:

In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to –

   (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and

   (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.

The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding two sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C. § 203(m).

Section 206(a)(1), in turn, provides the dollar amount employers are required to pay as the full minimum wage. Section 203(m) and Section 206(a)(1) work together to ensure that tipped employees are paid at least the standard minimum wage that non-tipped employees are paid. If the total hourly amount a tipped employee earns (the reduced minimum wage paid by the employer plus tips from customers) is less than the standard minimum wage, Section 203(m) requires the employer to pay him the difference between the amount actually earned in tips and the standard minimum wage provided for in Section 206(a)(1).

Plaintiff's theory of relief for minimum wage violations in this case is a fairly novel one. According to Plaintiff, he worked 51 hours per week. (DE #1). Each week, Defendants paid Plaintiff the required reduced minimum wage for forty hours, but did not pay him at all for the additional eleven hours of overtime. *Id.*; DE #8 at 5. Plaintiff claims that because Defendants "did not pay Plaintiff the required amount for every hour he worked," they are not permitted to take advantage of the tip credit at all and must disgorge the entire tip credit. (DE #1 ¶ 4). Thus, Plaintiff claims that under the FLSA, he is entitled to recover overtime pay for the eleven unpaid hours per week and, in addition, the full minimum wage for the forty hours each week for which he was paid the reduced minimum wage. *Id.* The end result would be that Plaintiff would be paid for all hours at the full minimum wage, including hours where he received tips directly from customers. Defendants argue there is no statutory basis for this interpretation of the FLSA.

## II.  Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must allege both a cognizable legal theory and sufficient facts to support it. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

A court considering a motion to dismiss "must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. Lastly, the *Twombly* Court expressly noted that Rule 8 does "not require heightened fact pleading of specifics," and that a complaint should only be dismissed where the plaintiffs "have not nudged their claims across the line from conceivable to plausible." 550 U.S. at 570.

### III. Discussion

#### A. Count I: Minimum Wage Violations

##### 1. The "Every Hour Worked" Theory

In Count I, Plaintiff alleges that "the FLSA requires, as a condition precedent, that the specified reduced cash wage be paid for every hour worked and because that condition was not met, the 'tip credit' allowed by the FLSA is unavailing." (DE #1 ¶ 12). Accordingly, Plaintiff seeks to recover the difference between the reduced minimum wage for tipped employees (which he was paid), and the full minimum wage for non-tipped employees. In short, he demands Defendants pay him as if he were not a tipped employee at all.

There is no basis in the FLSA for the relief Plaintiff seeks. The FLSA clearly lays out the prerequisites an employer must meet in order to claim the tip credit. There are only two: (1) the employer must inform the employee that the employee will be paid the reduced minimum wage; and (2) all tips received by the employee must be retained by the employee. 29 U.S.C. § 203(m).[2] There is no "condition precedent" that the reduced cash wage be paid for every hour worked before an employer is entitled to claim the statutorily-mandated tip credit. *See id.* Congress could, and did, write into the FLSA express conditions precedent to the application of the tip credit. The Court declines to read a condition precedent into the statute where Congress did not create one. *In re Tennyson*, 611 F.3d 873, 877 (11th Cir. 2010) (stating that where statute is "clear, unambiguous, and does not result in any absurd consequences," the Court "will not . . . read into the text of the statute an unstated purpose.").

In addition, the FLSA very clearly lays out the remedies available to employees who are subject to FLSA violations by employers. Successful FLSA plaintiffs are entitled to recover "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and [] an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Congress wrote specific remedies into the statute. Congress did not choose to include as a remedy disgorgement of the tip credit where the plaintiff is a tipped employee. The Court will not write this additional remedy into the statute where Congress did not see fit to do so. *See In re Tennyson*, 611 F.3d at 877.

---

[2] Plaintiff alleges that these prerequisites may not have been met. Those allegations will be addressed in the following section.

In addition, two other divisions of court in this District have rejected Plaintiff's theory on almost identical facts. *See Muldowney v. Mac Acquisition, LLC*, Case No. 09-22489-CIV, 2010 WL 520912 (S.D. Fla. Feb. 9, 2010) (Huck, J.); *Perez v. Palermo Seafood, Inc.*, Case No. 07-21408-CIV, 2008 WL 7505704 (S.D. Fla. May 8, 2008) (O'Sullivan, M.J.). In both cases, a tipped employee who was paid the reduced minimum wage for some hours claimed their employers were not entitled to claim the tip credit because they were not paid for "off-the-clock work."

In *Palermo Seafood*, Magistrate Judge O'Sullivan found no textual support in the statute for the plaintiff's position, observing: "The cases that have disallowed the tip credit have done so because the employer failed to comply with one, or both, of the following requirements: (1) the employee receive proper notice of the tip credit and (2) that the employee is not required to share his or her tips with non-tipped employees." 2008 WL 7505704 at *2. Accordingly, Judge O'Sullivan found tip credit should apply to the plaintiff's regular shift hours, for which she was compensated at the reduced minimum wage. *Id.* at *1.

In *Muldowney*, Judge Huck came to the same conclusion:

> Section 203(m) merely prescribes the method for calculating a tipped employee's wages and sets forth two explicit requirements that must be met for an employer to claim the tip credit, both of which are satisfied in this case. The statute says nothing about unpaid wages due to off-the-clock hours. Further, by rejecting Plaintiff's interpretation, she is not left without a remedy: she can seek unpaid wages for her alleged off-the-clock hours under state law or other sections of the FLSA. Therefore, the Court finds that Defendants are entitled to the tip credit for hours where Plaintiff was paid the specified reduced cash wage.

2010 WL 520912 at *1.

The Court agrees with these two well-reasoned decisions. However, this does not mean, as Plaintiff argues, that employers are therefore not required to pay employees the minimum wage for every hour worked. Of course employers must compensate employees at the required rate for every hour worked, and of course the failure to do so is a violation of the FLSA. 29 U.S.C. § 206(a)(1) (providing minimum wage amounts); 29 U.S.C. § 215(a)(2) (creating cause of action for violation of minimum wage and overtime provisions).

However, as explained in *Muldowney*, the requirement that an employee be paid the minimum wage for each hour worked is separate and distinct from the tip credit provisions. With the exception of overtime pay, nothing in the statute suggests that an employee who was paid the required minimum wage is entitled to any further compensation for those hours. As noted above, all employees who are not paid for every hour worked have a remedy. However, for tipped employees that remedy is not recovery of the difference between the reduced and full minimum wage. Instead, the remedy is recovery of the wages the employee was entitled to in the first place. Those wages are payable at the reduced minimum wage rate provided for in section 203(m) of the FLSA. Because Plaintiff admits he was paid the reduced minimum wage as required (DE #1 ¶ 15; DE #8 at 5), he has not alleged a minimum wage violation under the FLSA. Because Count I "lack[s] . . . a cognizable legal theory," it must be dismissed. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

### 2. Plaintiff's "Intent to Conduct Discovery"

In the Complaint, Plaintiff alleges that Defendant may not have met the two statutory prerequisites for application of the tip credit (that the employee be informed of the tip credit, and that the employee retain control over his or her tips). (DE #1 ¶¶ 13–14). Plaintiff states: "Plaintiff intends to conduct discovery to determine whether the Employer took control of Plaintiff's tips by causing Plaintiff to share with employees who are not entitled to share tips." *Id.* ¶ 13. Plaintiff further states in the Complaint: "[T]he Employer failed to 'inform' Plaintiff of their intention to claim a 'tip credit,' as required by the FLSA. . . . Plaintiff also intends to conduct discovery to determine whether the employer complied with this condition precedent." *Id.* ¶ 14.

In response to Defendants' argument that these claims should be dismissed as speculative, Plaintiff withdrew paragraph 13 of the Complaint. (DE #8 at 2) ("Plaintiff agrees to withdraw the claim that Defendants took control of his tips as alleged in paragraph 13 of the Complaint."). Plaintiff did not withdraw paragraph 14 of the Complaint, which states that Plaintiff will conduct discovery to determine if Plaintiff was informed of the tip credit. (DE #1 ¶ 14). Plaintiff does not address Defendants' arguments related to paragraph 14, and he does not explain how the allegations in paragraph 14 are different than the allegations in paragraph 13, which Plaintiff withdrew.

Given that Plaintiff expressly states he needs discovery to determine whether he has a claim, the allegations in paragraph 14 are "not enough to raise a right to relief above a

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 533, 555 (2007). A pre-suit investigation by Plaintiff's counsel should have revealed whether Plaintiff could allege these facts. Fed. R. Civ. P. 11(b) (requiring "an inquiry reasonable under the circumstances" by counsel before making representations to a court). Discovery is not an appropriate cure for this pleading defect. "Discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim." *Podany v. Robertson Stephens, Inc.*, 350 F.Supp. 375, 378 (S.D.N.Y. 2004) (finding plaintiffs should not be allowed to take discovery to determine if they could amend the complaint to state a cognizable claim); *see also Liles v. Stuart Weitzman, LLC*, Case No. 09-61448-CIV, 2010 WL 1839229, at *5 (S.D. Fla. May 6, 2010) ("The Court will not permit discovery of Plaintiff's prior employment records for the purpose of seeking to find some evidence of wrongful conduct by Plaintiff."). Accordingly, Plaintiff's claim that Defendants may have failed to inform him of the tip credit must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**B.   Count II:   Unpaid Overtime**

The FLSA provides that employers must pay employees at a rate equal to one and one-half times their regular rate of pay for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). Plaintiff alleges he was not compensated at all for the eleven overtime hours he worked each week. (DE #1 at 7). Accordingly, he has sufficiently alleged a violation of the overtime provisions of the FLSA.

## IV.  Conclusion

For the foregoing reasons and after a careful review of the record, it is hereby **ORDERED, ADJUDGED and DECREED** that Defendants' Motion to Dismiss **(DE #7)** is **GRANTED in part.** Count I of the Complaint (Minimum Wage Violations) is **DISMISSED.** Count II of the Complaint (Unpaid Overtime) remains, and Defendants **SHALL** answer within **twenty (20) days** from the date of this Order.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 28th day of March, 2011.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
*Counsel for Plaintiff*
**Edilberto O. Marban**
782 NW LeJeune Road
Miami, FL 33126
305-448-9292
Fax: 448-2788
Email: marban@bellsouth.net

Hon. Paul C. Huck

Hon. John J. O'Sullivan

*Counsel for Defendant*
Daniel Loren Leyton
**de la O, Marko, Magolnick & Leyton**
3001 SW 3rd Avenue
**Miami, FL 33129**
**305-285-2000**
**Fax: 285-5555**
**Email: leyton@dmmllaw.com**